and by said Meyer assigned to the plaintiff. The defendant claimed that the house upon which the mortgage was an apparent lien was bought as a joint adventure of Meyer and Lennon; that Meyer was to furnish the purchase price over and above a first mortgage upon the premises, and that the defendant Lennon was to repair the house, and Meyer was to sell it at $25,000, and the profits were to be divided in certain proportions, the bond and mortgage in suit being given simply as a voucher to Meyer for his contribution of capital in the enterprise. If the defendant Lennon has in this action established any defense which would have been available to him had this action been brought by the original mortgagee, Meyer, he can insist upon such defense against the plaintiff, the assignee of Meyer, because it is well established that the assignee of a mortgage takes it subject to all of the equities existing between the original parties thereto, and, so far as the remedies thereon are concerned, stands precisely in the shoes of his assignee. But it is not equally true that, even if there was an agreement between Lennon and Meyer to divide the profits upon a sale of the houses, they thereby necessarily became partners *inter sese.* Whatever, in respect to creditors of the enterprise, might be the effect of such an agreement, as between the parties themselves their rights and obligations were to be determined by the agreement. One party had the right to agree with the other for a loan of money for the prosecution of the enterprise, and might agree as compensation to pay a certain proportion of the profits arising therefrom without the relation of partners arising between themselves. This is the kind of agreement that the court found existed between Meyer and the defendant Lennon in the case at bar, and that no co-partnership was established. It is true that Lennon swore to a partnership agreement, and that he was uncontradicted by oral testimony, but he was contradicted by all the documentary evidence in the case, by the bond and mortgage, by the agreement of May 26, 1886, and it was shown by his evidence in the case of *Lennon* v. *Stiles* that he was willing to swear to anything which he thought necessary to advance his interests, and that he could not be believed under oath. The true agreement between the parties was undoubtedly contained in the agreement of May 26th. It may be that Meyer said he could sell the house for $25,000, when finished, but it was no part of the agreement that he should not get his money back if he did not do so. The mortgage was given in order that he should do so, and when Meyer assigns the mortgage Lennon paid the interest to the mortgagee, although, if his story is correct, he was under no greater obligation to pay it than Meyer. Upon the whole case we see no reason for disturbing the conclusion of the learned judge below, and the judgment appealed from should be affirmed, with costs. All concur.

--------

SMITH v. LENNON et al.

(Supreme Court, General Term, First Department. April 17, 1891.)

Appeal from special term, New York county.

Action by John B. Smith, assignee, against William F. Lennon and another, to foreclose a mortgage. There was a judgment for the plaintiff, and the defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*James Kearney,* (*Geo. W. Miller,* of counsel,) for appellants. *A. C. Fransioli,* for respondent.

VAN BRUNT, P. J. The decision in the case of *Smith* v. *Lennon, ante,* 259, (action No. 1,) disposes of this case, and upon the opinion therein rendered this judgment should be affirmed, with costs. All concur.